[Cite as *In re Name Change of A.LaR.F-R to A.LaR.R.*, 2017-Ohio-7458.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| THE CHANGE OF NAME OF | Case No. 17 CA 0015 |
| A.LaR.F-R. to A.LaR.R. | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2016-0642

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 1, 2017

APPEARANCES:

For Appellant

ELIZABETH V. WESTFALL
ELIZABETH V. WESTFALL LLC
555 City Park Avenue
Columbus, Ohio 43215

For Appellee Mother

ELIZABETH R. WERNER
THE NIGH LAW GROUP LLC
115 West Main Street, Suite 300(A)
Columbus, Ohio 43215

*Wise, John, J.*

{¶1}　Appellant-Father W.F. appeals the January 31, 2017, Judgment Entry of the Licking County Court of Common Pleas, Probate Division, granting Appellee-Mother's Application for Change of Name of the minor child.

{¶2}　Initially we note that Appellant's brief fails to set forth a Statement of the Case or a Statement of the Facts as required by App.R. 16(A)(5) and (6). While we are mindful that such omissions authorize this Court to either strike the offending portions of the brief or *sua sponte* dismiss the appeal, we will review the merits of Appellant's claims in the interest of justice. Accordingly, we have taken the following recitation of the facts and procedural history from the record and Appellee-Mother's brief.

STATEMENT OF THE CASE AND FACTS

{¶3}　The minor child in this case was born on December 17, 2008, to Appellee-Mother L.M.S. (nka L.M.R.) and Appellant-Father W.F.　Mother and Father have never been married to one another. *Id.*

{¶4}　On December 20, 2008, before a Notary Public in and for the State of Ohio, both parties signed an affirmation of paternity that listed the child's name as A.L.R. *Id.* The child's original birth certificate reflected the birth name of A.L.R. *Id.* Mother and the child were residents of Franklin County, Ohio, at the time of the child's birth.

{¶5}　On March 18, 2009, Father filed a Complaint to Allocate Parental Rights and Responsibilities in the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch. In the Complaint, Father admitted that paternity had been established by the signing of the affidavit of paternity, which has a registry number of 621380.

{¶6}   After a contested hearing on the matter, the Franklin County Court issued a Magistrate's Decision on January 20, 2010, which was adopted by Judgment Entry and filed the same day. Although there were objections filed, the objections were dismissed by Judgment Entry filed March 4, 2010.

{¶7}   The Magistrate's Decision filed January 20, 2010, stated in the findings of facts that the parties had "agreed" to changing the child's name to A.R.F-R.  However, the court did not Order the name change and did not file the necessary Orders to have the birth records changed to A.R.F-R.  The Decisions and Entry also designated the Mother as the sole legal custodian of the child and allocated parental rights and responsibilities between the parties. *Id.*  There was no paternity determination as such was established by the affidavit of paternity signed by the parties at the child's birth.

{¶8}   Father presented the Magistrate's Decision and Entry to the Ohio Bureau of Vital Statistics. (T. at 70-71). Father then took the changed birth certificate to the Social Security office to change the child's name on the Social Security card. (T. at 71). Both the birth certificate and social security cards were changed to reflect the name A.L.R-F based on Father's actions and the portion of the Order referring to the name change. (T. at 70-71). The birth certificate was issued on August 24, 2012.

{¶9}   There were no further court actions as to the minor child's name until Mother filed an Application for Change of Name on September 2, 2016, in the Licking County Common Pleas Court, Probate Division. Appellee and minor child are both residents of Licking County, Ohio. (T. at 7, 14).

{¶10}  On October 11, 2016, after Mother filed the Application for Change of Name in Licking County, and Appellant was served with notice of the action, Appellant filed a

Motion for Temporary Restraining Order in Franklin County Court requesting an Order to prevent Appellee from changing the minor child's name. (Franklin County Case. 09 JU 03-3574).

{¶11} On October 24, 2016, the Franklin County Court issued an *ex parte* order as requested by Father.

{¶12} On October 26, 2016, Appellee filed a Motion for Relief pursuant to Civ.R. 60(B), stating that the Licking County Probate Court has jurisdiction related to the name change, not the Franklin County Court.

{¶13} By Judgment Entry filed January 9, 2017, the Franklin County court set a hearing date on Mother's motion for February 6, 2017, but moved it to January 25, 2017, by agreement of the parties and the Court.

{¶14} On January 25, 2017, the Civ.R. 60(B) Motion for Relief was heard on oral arguments. By Judgment Entry issued January 25, 2017, the Franklin County court issued a Judgment Entry vacating the Restraining Order. *Id.* In the same Entry, the Franklin County court vacated "in part" the Order issued on January 20, 2010, to "correct the name of the minor child." *Id.* The Franklin County court then "Ordered" the name of the minor child to be changed to A.L.F-R.

{¶15} On January 31, 2017, the Court of Common Pleas of Licking County, Ohio, Probate Division, issued a Judgment Entry ordering that the minor child's name be changed from A.L.F-R to A.L.R. The Judgment Entry was Form 21.3 Judgment Entry Change of the Name of a Minor. Said forms are prepared by the Supreme Court of Ohio for the Rules of Superintendence of the Court of Ohio, Probate Forms. *Id*

**{¶16}** Although no findings of facts and conclusions of law were requested, the Probate Court subsequently issued a Decision on February 2, 2017, which outlined the procedural history, the opinion as to the order that was issued in Franklin County in January 2017, and the facts supporting the name change of the child. The grounds for the child's name to be restored to A.L.R. included that the child had gone by A.L.R since birth, her enrollment and school work reflect the name A.L.R., her immunization records reflect A.L.R, and even her passport was obtained using A.L.R. The Licking County court found that it was in the child's best interest that her legal name reflect the name she has used and been known by for the past eight years.

**{¶17}** Appellant-Father now appeals, raising the following assignments of error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶18}** "I. APPELLANT ASSERTS THAT THE TRIAL COURT ERRED ASSERTING JURISDICTION OVER THE ISSUE OF THE SURNAME OF THE MINOR CHILD, AS FRANKLIN COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION HAS JURISDICTION OVER THE MATTER PURSUANT TO ORC § 3111.13(C) AND UNDER CASE NO. 09 JU 03 3574

**{¶19}** II. SHOULD THE COURT DETERMINE JURISDICTION PROPER, APPELLANT ASSERTS THAT THE TRIAL COURT ERRED IN GRANTING THE APPLICATION OF LAVERNE RODGERS TO CHANGE THE NAME OF THE MINOR CHILD FROM ALEXIS LARUE FULLEN-RODGERS TO ALEXIS LARUE RODGERS BY FAILING TO CONSIDER THE FACTORS AS OUTLINED IN THE CASE OF *IN RE WILLHITE*."

**I.**

**{¶20}** Appellant-Father argues that the trial court erred in asserting jurisdiction in this matter.  We disagree.

**{¶21}** Here, Appellant-Father argues that the Franklin County Common Pleas Court, Juvenile Division, had jurisdiction over this matter pursuant to R.C. §3111.13(C) which allows a juvenile court to order a name change in conjunction with a parentage action brought under R.C. Chapter 3111. *Bobo v. Jewell* (1988), 38 Ohio St.3d 330. In *Bobo*, *supra*, the Ohio Supreme Court held as follows:

**{¶22}** "Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child."

**{¶23}** Apart from a parentage action, R.C. §2717.01 provides another method of judicially changing a child's name. R.C. §2717.01 vests jurisdiction over a name-change application in the *probate* court:

> **R.C. §2717.01 Proceedings to change name of person**
>
> (A)(1) A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name. …
>
> ***

{¶24} Pursuant to R.C. §2717.01(B), a minor's parent can apply with the probate court for a change of name on behalf of the minor.

> (B) An application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem …

{¶25} The Licking County Probate Court, in its Decision filed February 2, 2017, found that the matter before the Franklin County court did not involve parentage, since that issue had previously been determined by an affirmation of parentage signed by both parents on December 20, 2008. Rather, it originated as an action by Appellant-Father to allocate parental rights and responsibilities pursuant to R.C. §3109.04 and §2151.23. The Licking County Court went on to state that it therefore found that the Franklin County Court did not have jurisdiction or statutory authority to enter a name change in this matter.

{¶26} The trial court's opinion as to jurisdiction in Franklin County is not relevant to this Court's ruling for two reasons. First, a Licking County Probate Court does not have the authority to declare a Franklin County Common Pleas Court lacked jurisdiction to do any act and declare it void. Second, if the Franklin County Common Pleas Court had the authority to do a name change, that in no way prevents the Licking County Probate Court from subsequently asserting its authority to change a name thereafter.

{¶27} Upon review, this Court finds that regardless of whether jurisdiction was or was not proper in Franklin County, the Licking County Probate Court had jurisdiction and statutory authority over the name change application in this matter pursuant to R.C. §2717.01.

{¶28} Appellant-Father's First Assignment of Error is overruled

**II.**

**{¶29}** In his Second Assignment of Error, Appellant argues that the trial court erred in granting the name change in this matter. We disagree.

**{¶30}** When reviewing a trial court's decision determining that a child's name either should or should not be changed, a reviewing court may not substitute its own judgment for that of the trial court, but it must consider whether the trial court abused its discretion. *D.W. v. T.L.,* 134 Ohio St.3d 515, 2012–Ohio–5743, 983 N.E.2d 1273. In order to find an abuse of discretion, we must find that the court's action is unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1989).

**{¶31}** The Ohio Supreme Court has held that the same rationale applies to a name change action in probate court pursuant to R.C. §2717.01 and a name change in a juvenile court paternity action pursuant to R.C. 3111.13(C). *D.W. v. T.L.,* 134 Ohio St.3d 515, 2012–Ohio–5743, 983 N.E.2d 1273. Pursuant to R.C. §3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child. *Bobo v. Jewell,* 38 Ohio St.3d 330, 528 N.E.2d 180 (1988).

**{¶32}** In deciding whether to grant such an application, the court, in determining whether reasonable and proper cause has been established, must consider if such a change is in the child's best interests. *In re: Willhite,* 85 Ohio St.3d 28, 706 N.E.2d 778 (1999). In assessing whether the change of a minor surname is in the child's best interest, a court should consider: the effect of the change on the preservation and development of

the child's relationship with each parent; the identification of the child as part of a family unit; the length of time a child has used a surname; the preference of the child if the child is of sufficient mature age expressing meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest. *Bobo v. Jewell,* 38 Ohio St.3d 330, 528 N.E.2d 180 (1988).

{¶33} In the case *sub judice*, the trial court conducted an evidentiary hearing in this matter. In its Decision issued on February 2, 2017, the court outlined the procedural history, the court's opinion that the order issued in Franklin County in January, 2017, was void, and the facts supporting the name change of the child. The court also included findings of facts and conclusions of law. The court, in support of its decision that the minor child's name should be restored to A.L.R., stated that the child had gone by A.L.R. since birth, her enrollment at St. Catherine's School and school work reflect the name A.L.R., her immunization records reflect A.L.R., and even her passport was obtained using A.L.R. The court went on to find that even the January, 2010, Magistrate's decision in Franklin County referred to the minor child with the A.R. name, not the hyphenated name. Based on these factors, the Licking County court found that it was in the child's best interest for her legal name to reflect the name that she has used and been known by for the past eight years.

{¶34} Upon review of the record, we find the trial court duly considered the relevant factors, and we conclude the court did not abuse its discretion in permitting the name change.

{¶35} Appellant's Second Assignment of Error is overruled.

{¶36} Based on the foregoing, we affirm the decision of the Court of Common Pleas, Probate Division, Licking County, Ohio.

By: Wise, John J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/d 0809